UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

Case No.: 15-CIV-62209

BETANCOURT CONSTRUCTION, INC.,
WESTCHESTER FIRE INSURANCE COMPANY,

      Plaintiffs,

vs.

BEYEL BROTHERS, INC.,

      Defendant.
_____/

## NOTICE OF REMOVAL

COMES NOW Defendant, BEYEL BROTHERS, INC. ("BEYEL"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby file this their Notice of Removal of this action styled *BETANCOURT CONSTRUCTION, INC., WESTCHESTER FIRE INSURANCE COMPANY, Plaintiffs, vs. BEYEL BROTHERS, INC., Defendant*, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. As required by 28 U.S.C. § 1446, Defendant sets forth a short and plain statement of the grounds for this removal and attach copies of all process, pleadings and orders served upon them in this action. BEYEL submits to this Court that this action is properly removable under 28 USC §1331, 28 USC §1367, 28 USC § 1441(c) and 40 USC §§ 3131-3134 (the "Miller Act") states:

## I.     PROCEDURAL HISTORY

1. The Plaintiffs, BETANCOURT CONSTRUCTION, INC. ("BETANCOURT") and WESTCHESTER FIRE INSURANCE COMPANY ("WESTCHESTER"), filed their Complaint on October 8, 2015.

2. BEYEL was served with the Summons and Complaint on October 12, 2015.

3. The Complaint includes two counts for Breach of Contract (BETANCOURT v. BEYEL), one count for Breach of the Warranty of Seaworthiness (BETANCOURT v. BEYEL) and one count for Declaratory Relief (WESTCHESTER v. BEYEL).

4. WESTCHESTER's Count IV for Declaratory Relief seeks a determination of rights as between BEYEL and WESTCHESTER arising from a Subcontract Payment Bond issued by WESTCHESTER as surety, with BETANCOURT as Principal.

5. WESTCHESTER's Count IV contains the following allegations:

8. Non-party, Harry Pepper & Associates, Inc. ("Harry Pepper") entered into a prime contract with NAVFAC Southeast, IPT[1] South Atlantic on behalf of the United States Navy regarding Hurricane Sandy Waterfront Repairs at the US Naval Base located in Guantanamo Bay, Cuba (formally Contract No. N69450- 1 2-0- 1 272 Task Order 0002) (hereinafter "Prime Contract").

9. Pursuant to Harry Pepper's Prime Contract, Betancourt entered into a subcontract ("Subcontract") with Harry Pepper, wherein Betancourt was to furnish, among other things, all materials, equipment, and labor, for the delivery and installation of all new piles, sub framing for piers, and rip rap (i.e. large boulders anchoring the shoreline) for the "Hurricane Sandy Waterfront Repairs" project located in Guantanamo Bay, Cuba (hereinafter "Project").

. . .

56. Westchester issued a Subcontract Payment Bond ("Payment Bond") numbered K08000037 as surety for Betancourt as bond principal for Betancourt's Subcontract with nonparty, Harry Pepper. A true and correct copy of the Payment Bond is attached hereto as Exhibit "C."

---

[1] Naval Facilities Engineering Command, Southeast Integrated Product Team.
http://www.navfac.navy.mil/news/2013_press_releases/september_press_releases/navfac_southeast_hurricane_sandy_repairs.html

57. Beyel has made [*sic*] for payment under the Payment Bond for amounts it claims are due under its contracts with Betancourt.

## II.     MEMORANDUM OF LAW

Under the Miller Act, a contractor who performs "construction, alteration, or repair of any public building or public work of the Federal Government" must provide two types of bonds: a "performance bond . . . for the protection of the Government" against defaults by the contractor, and a "payment bond . . . for the protection of all persons supplying labor and material." 40 U.S.C. § 3131; *U.S. ex rel. Maris Equip. Co. v. Morganti, Inc.*, 163 F. Supp. 2d 174, 179 (E.D.N.Y. 2001). The Act gives those who "furnished labor or material" to a federally-funded project the right to bring an action compelling the surety to pay any unpaid balance for labor or materials furnished. 40 U.S.C. § 3133(b)(1); *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 257, 119 S. Ct. 687, 689, 142 L. Ed. 2d 718 (1999).

Here, WESTCHESTER issued its Subcontract Payment Bond[2] for the protection of all persons supplying labor and material to BETANCOURT and BETANCOURT was a subcontractor on a federally funded project— that being the Hurricane Sandy Waterfront Repairs at the US Naval Base located in Guantanamo Bay, Cuba.[3] WESTCHESTER and BETANCOURT have alleged that BEYEL provided BETANCOURT with the following equipment for use on the project: 1) 1994 ABS Load Line Barge known as the Mobro 1210; 2)

---

[2] Although the Payment Bond issued by WESTCHESTER is titled "Subcontractor Payment Bond" such bonds have been found by the federal courts to be subject to the Miller Act even when executed by a second tier contractor and not issued in favor of the United States. *See e.g., United States use of Hillsdale Rock Co. v. Cortelyou & Cole, Inc.*, 581 F.2d 239, 242 (9th Cir. 1978) (citing *United States ex rel. West Pacific Sales Co. v. Harder*, 225 F. Supp. 699 (D.C.Or.1963) and Fidelity and Deposit Co. of Maryland v. Harris, 360 F.2d 402 (9th Cir. 1966)).

[3] The labor and material provided by BEYEL to BETANCOURT are part of the labor and materials provided by BETANCOURT to the prime contractor Harry Pepper. (See Plaintiff's Complaint, ¶¶ 56, 57).

Linkbelt LS238H Lattice Boom Hydraulic Crawler Crane, Serial #F5J 1-5688 (Unit #234); and 3) 2014 Oregon Iron Works Landing Craft. (See Plaintiff's Complaint, ¶¶ 12, 13, 50).

Accordingly, WESTCHESTER's claim, however pled, is based on the Miller Act and therefore it arises under federal law and satisfies federal question jurisdiction[4]. *See, United States ex rel. Suard Barge Servs. v. Weeks Marine, Inc.*, 1999 U.S. Dist. LEXIS 9423, *5 (E.D. La. June 16, 1999).

Further, the Miller Act states that the action "must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3)(B). When a government project is located outside of the United States, recovery under the Miller Act is not barred on that basis and in such cases venue is proper in the district where the principal place of business of the bond principal (i.e., BETANCOURT) is located[5]. *See United States ex rel. Norshield Corp. v. E.C. Scarborough*, 620 F. Supp. 2d 1292, 1296 (M.D. Ala. 2009). Here, the project is located outside of the United States as it is located in Guantanamo Bay, Cuba. Therefore, this Court is the proper venue for WESTCHESTER's Miller Act claim.[6]

Further, the claims of BETANCOURT may be removed pursuant to 28 USCS § 1441 (c)(1)(B) which states:

(1) If a civil action includes--

. . .

---

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[5] The principal on the bond, BETANCOURT, has its principal place of business in this District. (See Subcontract Payment Bond attached to Plaintiffs' Complaint).

[6] In Count IV of WESTCHESTER'S Complaint it premises its right to declaratory relief on the three BETANCOURT claims and incorporated the allegations of those three counts paragraphs 1-54 into the claim for declaratory relief which is the claim which comprises the federal question.

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

Further, 28 USCS § 1367 states:

(a)  Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In addition, BETANCOURT has brought counts for breach of maritime contracts[7] and breach of the warranty of seaworthiness and the Plaintiffs have pled admiralty jurisdiction under 28 USC § 1333. (See Plaintiffs' Complaint, ¶ 5). 28 USC § 1441 permits the removal of admiralty cases if there is an independent basis for jurisdiction such as diversity of citizenship or if the case arises under a federal question other than admiralty law. S*ee Fernandez v. Ceres Marine Terminals, Inc.*, 2013 U.S. Dist. LEXIS 54992, *3 (M.D. Fla. 2013) (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S. Ct. 468, 3 L. Ed. 2d 368 (1959)).

Pursuant to section 28 U.S.C. § 1446(b) this Notice is filed within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading. BEYEL has attached as Exhibit "A" a copy of all process, pleadings, and orders filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

BEYEL will file a Notice of Filing Notice of Removal with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as appears from Exhibit "B" attached hereto.

---

[7] The Charter Agreements for the barge and the landing craft attached to the Plaintiffs' Complaint are clearly maritime contracts subject to federal maritime law. *See Nig. Nat'l Petroleum Corp. v. S/V Seabulk Merlin*, 2005 U.S. Dist. LEXIS 11298, *11 (S.D. Fla. 2005).

Pursuant to the provisions of 28 U.S.C. 1446, BEYEL is promptly giving written notice of this removal to counsel for Plaintiffs and filing a copy of the Notice with the Clerk of the Circuit Court in and for Miami-Dade County as required by law.

Respectfully submitted this 20th day of October, 2015.

*/s/Damon T. Hartley*
Damon T. Hartley
Fla. Bar No. 41136
Jan M. Kuylenstierna
Fla. Bar No. 375985
Ryon L. Little
Fla. Bar No. 26402
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
Telephone: (786) 332-4909
Facsimile:   (786) 518-2849
Attorneys for BEYEL BROTHERS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, the foregoing document was served by electronic mail on all parties on the attached service list.

/s/Damon T. Hartley
Damon T. Hartley

## SERVICE LIST

Alex Barthet
The Barthet Firm
200 S. Biscayne Blvd., Suite 1800
Miami, Florida 33131
305-347-5295
alex@barthet.com

Robert McL. Boote
Cozen O'Connor
Suite 400, 200 Four Falls Corporate Center, P.O. Box 800
West Conshohocken, PA 19428-0800
P: 215-665-4630
F: 215-701-2424
RBoote@cozen.com